

January 8, 2021

**Jura C. Zibas**
212.915.5756 (direct)
Jura.Zibas@wilsonelser.com

**VIA ECF**

The Honorable Philip M. Halpern
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   **Belsito Communications Inc. v. Torklaw et. al.; 20-cv-05094
      Pre-Motion Letter re: Proposed Motion to Dismiss Amended Complaint**

Dear Judge Halpern:

Our office represents all defendants in the above referenced action (collectively referred to herein as "Torklaw"). We write pursuant to Your Honor's Individual Practices, Rule 2.C, to set forth the basis for Torklaw's proposed motion to dismiss the Amended Complaint (DE 33) for lack of personal jurisdiction and failure to state a claim.[1]

### I.   Lack of Personal Jurisdiction (Both Counts)

The Amended Complaint acknowledges that all defendants are California residents and offers no allegations sufficient to establish personal jurisdiction over defendants in New York. Critically, it is a well-established principle that a passive website—like the one at issue here—cannot suffice as a basis for personal jurisdiction. *See Eternal Asia Supply Chain Mgmt. (USA)*

---

[1] In accordance with Your Honor's Individual Rule 4.C.ii, the undersigned sent opposing counsel a letter regarding the basis for the proposed motion to dismiss. In response, Plaintiff advised that it does not intend to make further amendments to its pleading.

150 East 42nd Street • New York, NY 10017 • p 212.490.3000 • f 212.490.3038

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Las Vegas • London • Los Angeles • Louisville • McLean
Miami • Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris

wilsonelser.com

11166724v.1



*Corp. v. Yian Chen,* 2013 U.S. Dist. LEXIS 59538, *26-*28 (S.D.N.Y. Apr. 25, 2013). To the extent Plaintiff premises jurisdiction of the forum selection clause in Plaintiff's website's Terms of Use, those terms are unenforceable for the reasons discussed below in Point III.

Moreover, Torklaw did not access the website and therefore could not have consented to its Terms of Use. At most, the Amended Complaint alleges that the authors of Torklaw's news articles accessed Plaintiff's website in order to plagiarize it, and the pleading expressly recognizes that those authors might be mere "business partners and/or affiliates." *See e.g.* Am. Cmpl. ¶ 20. In point of fact, Torklaw's articles were authored by independent contractors.[2] "The New York Court of Appeals has indicated that the acts of an independent contractor in New York cannot be attributed to his non-domiciliary principal under § 302(a)(1)." *Loria & Weinhaus, Inc. v. H. R. Kaminsky & Sons, Inc.*, 80 F.R.D. 494, 498 (S.D.N.Y. 1978) (citing *Glassman v. Hyder*, 23 N.Y.2d 354, 362, 244 N.E.2d 259, 263, 296 N.Y.S.2d 783, 789 (1968)). Likewise, unlike an agent, an independent contractor cannot bind a principal to contractual liability. *G.D. Searle & Co. v. Medicore Commc'ns*, 843 F. Supp. 895, 904-05 (S.D.N.Y. 1994). Accordingly, even if Torklaw's independent contractors viewed Plaintiff's website as alleged, this is insufficient to hale Torklaw into a New York court.

**II. <u>No Substantial Similarity (Count I – Copyright Infringement)</u>**

The Second Circuit has "repeatedly recognized that, in certain circumstances, it is entirely appropriate for a district court to resolve [substantial similarity] as a matter of law, 'either because the similarity between two works concerns only non-copyrightable elements of the plaintiff's work, or because no reasonable jury, properly instructed, could find that the two works are substantially similar.'" *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602

---

[2] When considering a motion to dismiss for lack of personal jurisdiction, the Court may consider materials outside the pleadings. *DiStefano v. Carozzi North Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001).



F.3d 57, 63 (2d Cir. 2010). "When a court is called upon to consider whether the works are substantially similar, no discovery or fact-finding is typically necessary, because what is required is only a visual comparison of the works." *Id*. at 64. Where, as here, the works in question are attached to the Amended Complaint, "it is entirely appropriate for the district court to consider the similarity between those works in connection with a motion to dismiss, because the court has before it all that is necessary in order to make such an evaluation." *Id*.

Importantly, "copyright does not protect facts or ideas set forth in a work;" rather, the law only protects the "author's manner of expressing those facts and ideas." *Authors Guild v. Google, Inc.*, 804 F.3d 202, 220 (2d Cir. 2015). In particular, "'news events' may not be copyrighted." *Wainwright Sec. v. Wall St. Transcript Corp.*, 558 F.2d 91, 95 (2d Cir. 1977). Instead, in the context of news reporting, "[w]hat is protected is the manner of expression, the author's analysis or interpretation of events, the way he structures his material and marshals facts, his choice of words, and the emphasis he gives to particular developments." *Id*. at 95-96. Moreover, where, as here, an author holds a false story out as factual, the author is estopped from exercising exclusive rights over those assertions. Instead, the fake news is protected from wholesale and verbatim copying (like real news), but an author has no claim over the underlying story. *See Arica Inst., Inc. v. Palmer*, 970 F.2d 1067, 1075 (2d Cir. 1992).

Undertaking a comparison of the works-in-suit, there is little similarity between the parties' respective articles. In fact, Torklaw's articles contain details not found in Plaintiff's publications. For example, in the Gregory Murray article, Torklaw notes that "when first responders got to the scene, they found the deceased lying on the roadway," and further states that "there is also no information on the vehicle the driver was driving"—both items omitted from Plaintiff's version of the report. Accordingly, there is a strong indication that Torklaw's



stories were independently sourced from the public police reporting credited in both parties' accounts.[3]

Similarly, in the fictitious Rick Lowe and Bo Powelton articles, the relevant facts are rearranged, the word choice varies, and Plaintiff's legal analysis is not copied in any way. Once any non-copyrightable facts are separated from the analysis, there is no substantial similarity between the parties' works—warranting dismissal.

### III. No Assent or Damages (Count II – Breach of Contract)

Plaintiff alleges breach of contract based on a browsewrap agreement contained on its website. But browsewrap provisions are generally enforced only if "the website user…had actual or constructive knowledge of the site's terms and conditions, and…manifested assent to them." *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 129 n.18 (2d Cir. 2012). In *Specht v. Netscape Communs. Corp.*, 306 F.3d 17 (2d Cir. 2002), the Second Circuit concluded that a provision that a user would not encounter until she had scrolled down multiple screens was not enforceable because "a reference to the existence of license terms on a submerged screen is not sufficient to place consumers on inquiry or constructive notice of those terms." 306 F.3d at 32.

Here, while Plaintiff alleges that each article contains a link to the Terms of Use, the links are disguised from visitors as a "legal disclaimer," and the only section that accurately identifies itself as "Terms of Use" is buried at the bottom of the page in extremely small print. Moreover, the Terms of Use are nine pages in length, deal mostly with disclaimers regarding attorney advertising, and bury the relevant provisions regarding copying in the last sentence of the sixth section of the purported contract. On these facts, as a matter of law, Plaintiff's purported browewrap agreement is not enforceable as a contract.

---

[3] Notably both Plaintiff's and Defendants' articles are routinely published days after the news events occur, and both parties' reports attribute the substantive content of the articles to information provided publicly by law enforcement.



Furthermore, even if the Terms of Use were enforceable, Plaintiff has not adequately alleged damages. "A claim for breach of contract must rest on more than a conclusory allegation that the defendant's breach caused damages, even where the exact amount of damages is alleged." *Bravo v. MERSCORP, Inc.*, No. 12-CV-884 (ENV)(LB), 2013 U.S. Dist. LEXIS 55076, 2013 WL 1652325, *6 (E.D.N.Y. Apr. 16, 2013).

Here, for the reasons discussed *supra* Point II, Plaintiff cannot establish proprietary rights over the facts contained in the articles published by Torklaw. Therefore, because Torklaw was permitted to use those facts in its reporting, Plaintiff suffered no harm. As a result, Plaintiff's "unsupported claim that [it] 'suffered damages,' without any further factual enhancement, is not enough to properly plead the damages element of a breach of contract claim." *Miller v. HSBC Bank USA, N.A.*, 2015 U.S. Dist. LEXIS 16736, *9 (S.D.N.Y. Feb. 10, 2015).

### IV. Claims for Statutory Damages Must Be Stricken from the Prayer for Relief

The Amended Complaint seeks, *inter alia*, statutory damages and an award of attorneys' fees pursuant to 17 U.S.C. §§ 504, 505. But Plaintiff is not entitled to such an award under the Copyright Act—even assuming it proves its case. "A party may not elect statutory damages if (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration…" *Pers. Publ'ns, Inc. v. Sagittarius Broad. Corp.*, 1996 U.S. Dist. LEXIS 19018, *6 (S.D.N.Y. Dec. 23, 1996) (quoting 17 U.S.C. § 412) (emphasis omitted).  By Section 412's express terms, this prohibition also applies to claims for attorneys' fees. Here, the effective date of Plaintiff's copyrights is July 2, 2020—months after TorkLaw's purported infringement occurred in March and April 2020.  Thus, Plaintiff cannot seek a statutory award or attorneys' fees arising from Torklaw's alleged infringement of these unpublished works.



- 6 -

Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP

/s/ Jura Zibas

Jura C. Zibas
Stephen J. Barrett

cc: All parties (VIA ECF)