

The application for a stay of discovery is denied without prejudice to renew. Defendants may raise this issue during the pre-motion conference scheduled for February 18, 2021. In the interim, the parties are expected to comply with the Civil Case Management Plan and Scheduling Order.

The Clerk of the Court is respectfully directed to terminate motion sequence pending at Doc. 35.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated: New York, New York
January 19, 2021

January 14, 2021

**VIA ECF**

The Honorable Philip M. Halpern
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: Belsito Communications Inc. v. Torklaw et. al.; 20-cv-05094**
**Pre-Motion Letter re: Proposed Motion to Stay Discovery**

Dear Judge Halpern:

Our office represents all defendants in the above referenced action (collectively referred to herein as "Torklaw"). We write pursuant to Your Honor's Individual Practices, Rule 2.C, to set forth the basis for Torklaw's proposed motion to stay discovery pending a resolution of Torklaw's anticipated motion to dismiss the Amended Complaint.

## I. Procedural History

Plaintiff filed its Complaint on July 7, 2020 (DE 3) and the matter was initially assigned to the Hon. Analisa Torres. Consistent with the Court's September 23, 2020 Order (DE 20) and Judge Torres' Individual Practice Rules, the parties submitted a Proposed Case Management Plan on October 13, 2020 (DE 24). The Court reduced that Proposed Case Management Plan to a Civil Case Management Plan and Scheduling Order (the "Scheduling Order") on October 20, 2020 (DE 27).

150 East 42nd Street • New York, NY 10017 • p 212.490.3000 • f 212.490.3038

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Las Vegas • London • Los Angeles • Louisville • McLean
Miami • Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • FrankFurt • Munich • Paris
wilsonelser.com



The Scheduling Order, *inter alia*, directs the parties to serve initial requests for production and interrogatories by November 23, 2020. *Id*. All discovery is to be completed by February 19, 2021. *Id*.

Consistent with the Scheduling Order, Torklaw served its First Request to Produce and First Set of Interrogatories to Plaintiff on November 19, 2020. Plaintiff never served any discovery demands and never responded to Torklaw's requests. When responses were not forthcoming, Torklaw sent a meet-and-confer letter to Plaintiff's counsel on December 28, 2020 consistent with Local Rule 37.2. Plaintiff never formally responded to the December 28, 2020 letter, but counsel has advised that personal matters have frustrated counsel's ability to respond to filings in the case.

In parallel with the foregoing discovery proceedings, on November 6, 2020 Torklaw filed a pre-motion letter seeking leave to file a motion to dismiss the Complaint (DE 29). On November 16, 2020, Plaintiff responded by indicating a desire to amend the complaint (DE 31). The case was reassigned to Your Honor shortly thereafter on December 1, 2020, and the Court granted Plaintiff's request to file an Amended Complaint (DE 32).

The Amended Complaint was ultimately filed on December 23, 2020 (DE 33). After reviewing the new pleading, Torklaw filed a renewed pre-motion letter seeking leave to move for dismissal of the Amended Complaint, in its entirety, for lack of personal jurisdiction and failure to state a claim (DE 34).

Torklaw's proposed motion to dismiss has yet to briefed or adjudicated, and Torklaw believes the motion will fully resolve the action or, at a minimum, will significantly narrow the issues for discovery and trial. In light of the foregoing, and given the dearth of discovery


provided by Plaintiff to date, Torklaw now requests leave to file a motion to stay discovery pending a resolution its proposed motion to dismiss.

**II. <u>Grounds for Stay</u>**

A district court has broad discretion to stay discovery "for good cause." Fed. R. Civ. P. 26(c)(1); *see Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 CV 5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009). It is well-established that the existence of a pending dispositive motion may provide "good cause" for staying discovery: "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). In determining whether to stay discovery pending a dispositive motion, courts also consider the breadth of discovery sought, the burden of responding to such discovery, and "the strength of the dispositive motion that is the basis of the discovery stay application." *Id*. Here, a stay of discovery and the parties' obligations under Fed. R. Civ. P. 26 is necessary because Torklaw's proposed motion to dismiss raises pure questions of law and, if granted, the motion would terminate litigation.

A stay of discovery is particularly appropriate where, as here, pending motions to dismiss "appear[ ] to have substantial grounds" or "do[ ] not appear to be without foundation in law." *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (internal quotation marks omitted). These are not burdensome standards to meet; courts within this Circuit have granted stays where a defendant has not even yet filed a motion to dismiss. *See, e.g.*, *Rivera v. Heyman*, No. 96 Civ. 4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) (granting stay where motion to dismiss that "Defendants are about to file" was not "merely a delay tactic" and had more than a "minimal probability of success"). In this case, Torklaw makes a far stronger

showing, as it has demonstrated in its pre-motion letter (DE 34), the serious deficiencies in Plaintiff's Amended Complaint based on, *inter alia*, a comparison of the copyrighted works with the allegedly infringing works. *See Integrated Sys. & Power*, 2009 WL 2777076, at *1 (granting stay where defendant "has put forth in its motion multiple, independent arguments for dismissal and the motion 'appears not to be unfounded in the law'") (citation omitted).

Furthermore, the requested stay is only for a "short period of time." *See Rivera*, 1997 WL 86394, at *1 ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue."); *see also Integrated Sys. & Power*, 2009 WL 2777076, at *1 (finding stay would not prejudice plaintiff even where briefing on the motion to dismiss was not yet complete). Moreover, Torklaw has put a litigation hold in place to ensure that any potentially relevant documents are preserved going forward. Accordingly, Plaintiff cannot plausibly assert that staying discovery would cause it any prejudice.

Finally, a stay is appropriate because Plaintiff's Amended Complaint presages potentially voluminous discovery and Plaintiff appears unprepared to presently engage in necessary discovery proceedings. The Amended Complaint also raises a novel theory of personal jurisdiction, which Torklaw vigorously contests. In light of the potentially fatal deficiencies in the Amended Complaint, additional discovery would be a waste of the parties' resources and would act to *de facto* subject Torklaw to this Court's jurisdiction for the purposes of discovery before Torklaw's motion to dismiss for lack of personal jurisdiction is heard.

For this reason, a stay pending a ruling on Torklaw's proposed dispositive motion is particularly appropriate. If the motion to dismiss is successful, all of that burdensome discovery will be unnecessary. *See Spencer Trask*, 206 F.R.D. at 368 ("[P]roceeding with discovery while

the motion to dismiss is pending would unnecessarily drain the parties' resources."). And, even if the Court only dismisses portions of Plaintiff's claims, it would still drastically narrow the scope of discovery, focusing the parties' discovery efforts on the surviving claims. *See Cuartero v. U.S.*, No. 3:05 CV 1161, 2006 WL 3190521, at *3 (D. Conn. Nov. 1, 2006) ("Permitting discovery to proceed at this point would be unduly burdensome to the defendant and would be inefficient for both parties, since the court's decision on the Motion to Dismiss may significantly narrow the issues."); *Rivera*, 1997 WL 86394, at *1 ("Given that disposition of the dismissal motion[s] may significantly narrow, if not eliminate, the issues remaining in the case, proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on defendants.").

For the foregoing reasons, Torklaw respectfully submits that there is good cause for a stay of discovery because the proposed motion to dismiss is both dispositive and compelling, the stay is for a short period of time, Plaintiff will not be prejudiced by the stay, and the likely scope of discovery will be broad and burdensome.

We thank the Court for its attention to this matter.

Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP

/s/ Jura Zibas

Jura C. Zibas
Stephen J. Barrett

cc: All parties (VIA ECF)